UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUJAB MUBARAK, a/k/a "Easy," a/k/a "E," a/k/a "Big Homie,"<br><br>Defendant. | Criminal No. 20cr10300<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine Base and Fentanyl<br>(21 U.S.C. §§ 846; 841(b)(1)(B)(iii) and (vi))<br><br>Counts Two and Three: Discharging, Brandishing, Using, and Carrying a Firearm During and in Relation to, or in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. § 924(c))<br><br>Counts Four: Felon in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Five:  Felon in Possession of Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

## INDICTMENT

### COUNT ONE
Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine Base and Fentanyl
(21 U.S.C. § 846)

The Grand Jury charges:

Between in or about December 2016 and August 2020, in the District of Massachusetts, and elsewhere, the defendant,

1

MUJAB MUBARAK,

conspired with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance, and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 28 grams and more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to this Count.

It is further alleged that the offense charged in Count One involved 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to this count.

It is further alleged that with respect to the offense charged in Count One, 28 grams and more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to MUJAB MUBARAK. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to defendant MUJAB MUBARAK.

It is further alleged that, with respect to Count One, 40 grams and more of a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to MUJAB MUBARAK. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to defendant MUJAB MUBARAK.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii) & (vi).

## COUNT TWO
### Discharging, Brandishing, Using, and Carrying a Firearm During and in Relation to, and Possession a Firearm in Furtherance of a Drug Trafficking Offense
### (18 U.S.C. § 924(c)(1)(A))

The Grand Jury further charges:

On or about July 1, 2017, in Boston, in the District of Massachusetts, the defendant,

### MUJAB MUBARAK,

knowingly discharged, brandished, used, and carried an unknown .40 caliber firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute heroin, cocaine base, also known as "crack cocaine," and fentanyl, in violation of Title 21, United States Code, Section 846, as charged in Count One, and in furtherance of such drug trafficking crime, knowingly possessed such a firearm.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## COUNT THREE
Using and Carrying a Firearm During and in Relation to, and
Possessing a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A))

The Grand Jury further charges:

On or about August 6, 2020, in Everett, in the District of Massachusetts, the defendant,

MUJAB MUBARAK,

knowingly used and carried a firearm, that is, a COP Inc., .357 caliber Derringer, bearing serial #002464, and five rounds of RP .357 magnum caliber ammunition, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute heroin, cocaine base, also known as "crack cocaine," and fentanyl, in violation of Title 21, United States Code, Section 846, as charged in Count One, and in furtherance of such drug trafficking crime, knowingly possessed such a firearm.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>COUNT FOUR</u>
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about August 6, 2020, in Everett, in the District of Massachusetts, and elsewhere, the defendant,

MUJAB MUBARAK,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a COP Inc., .357 caliber Derringer, bearing serial number 002464 and five rounds of RP .357 magnum caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FIVE
Felon in Possession of Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about August 6, 2020, in Everett, in the District of Massachusetts, and elsewhere, the defendant,

MUJAB MUBARAK,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, ammunition, that is, six rounds of RP .357 magnum caliber ammunition, one round of Hornady .38 SP ammunition, and one round of PMG .38 SPL ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in Counts Four and Five, the defendant,

**MUJAB MUBARAK,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a COP Inc., .357 caliber Derringer, bearing serial number 002464;

   b. five rounds of RP .357 magnum caliber ammunition;

   c. six rounds of RP .357 magnum caliber ammunition;

   d. one round of Hornady .38 SP ammunition;

   e. one round of PMG .38 SPL ammunition;

   f. one H&K, model P30 SK, 9mm pistol, bearing serial number 214-017655;

   g. ten rounds of 9mm ammunition; and

   h. eighty rounds of 9mm ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

8

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

MUJAB MUBARAK,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following:

   a. $24,695 in United States currency;
   b. four Louis Vuitton bags of various sizes;
   c. one Hydraulic press and associated parts;
   d. one silver Rolex watch, model 116660, serial number 737857;
   e. one Audemars Picuet watch, J93349-Ae4081;
   f. one white box containing bars of MANNITE CICOGNA;
   g. one 2020 GMC Sierra 2500 HD Truck, MA license plate 1AND87, VIN 1GT49REY1LF112866;
   h. one Louis Vuitton bag;
   i. one pair of Louis Vuitton sunglasses;
   j. one 2013 Harley Davidson FLHX motorcycle, MA license plate 2C7906, VIN 1HD1KBM17DB680386;
   k. one 2013 Harley Davidson FLTRX motorcycle, MA license plate 2D3682, VIN 1HD1KHM18DB634035;
   l. $365,594 in United States currency; and
   m. one Rolex watch, model 6907, serial number 8196739.

2. If any of the property described above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

10

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above.

      All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
GLENN A. MACKINLAY
PHILLIP MALLARD
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: NOVEMBER  11/24 , 2020
Returned into the District Court by the Grand Jurors and filed.

　　　　　　　　　　　　　　　　　　　　/s/ Thomas F. Quinn 11/24/20 @ 4:30
　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK