AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MUJAB MUBARAK | ) Case No. 20-10300-ADB |
| | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ (e) any felony that is not otherwise a crime of violence but involves:
      (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*
  ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; *and*
  ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☑ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☑ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The defendant was originally charged in a criminal complaint, and was subsequently indicted and charged with conspiracy to distribute and possess with intent to distribute heroin, cocaine base and fentanyl in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) & (iv); discharging, brandishing, using and carrying a firearm during and in relation to, or in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). After initially consenting to the entry of a voluntary order of detention without prejudice (Docket No. 13), the defendant subsequently filed a motion for a detention hearing and release (Docket Nos. 17 & 18). A detention hearing was held remotely on November 2, 2020 at which time the government presented the testimony of FBI Agent Michael Little and the defendant presented the testimony of Djwan Scott, the defendant's ex-girlfriend who is a nurse. At the conclusion of the hearing the defendant requested time to assemble medical records to establish that he suffered from asthma and diabetes, conditions that made it more likely that he would become seriously ill if he contracted COVID-19. The defendant has apparently been unable to assemble the medical records (see Docket No. 33) and on November 30, 2020 filed an Emergency Motion for Immediate Release on the grounds that he has tested positive for COVID-19 and has been transferred to a quarantine unit (Docket No. 31). He is concerned that he will not receive appropriate medical care if needed. The defendant has reiterated his original proposal that he be released to Ms. Scott's home and that she serve as a third-party custodian. Ms. Scott has a separate bedroom and bathroom where the defendant can quarantine, and the defendant believes that she can assist him if he suffers an asthma attack and can bring him to a hospital if necessary. (Docket No. 31). The government has filed an opposition (Docket No. 32).

After careful consideration of the evidence and arguments of counsel, this court finds that the government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person (including a confidential witness) and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. While this court is very concerned about the defendant's health, the evidence before the court is that Wyatt is providing appropriate medical treatment to inmates. As of November 30, 2020 23 detainees tested positive for COVID, and testing continues. The facility is following protocols established by the Rhode Island Department of Health and CDC. The facility has established procedures to provide the appropriate level of medical care needed. Moreover, the defendant has been incarcerated at Wyatt since August 2020, and there is no evidence that his medical needs, including any potential treatment for asthma or diabetes, have gone unmet. Therefore, the situation at Wyatt does not warrant the defendant's immediate release.

CONTINUED NEXT PAGE

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/01/2020                                /s/ Judith Gail Dein

                                                United States Magistrate Judge

United States vs. Mujab Mubarak
Cr. No. 20-10300-ADB
Order of Detention
December 1, 2020

    At the detention hearing the government introduced 18 exhibits in support of its contention that Mubarak, along with Karim Muwakkil and Vito Gray, were engaged in the business of purchasing and distributing large quantities of fentanyl, heroin and cocaine. In 2017, Mubarak shot Gray over a dispute relating the loss of drug proceeds that Gray was transporting, and confessed to the shooting to a cooperating witness. There is a recording of this confession. There was evidence of approximately 25 controlled buys during the government's lengthy investigation. At the time of Mubarak's arrest, a search of his truck revealed a firearm and ammunition (Ex. 5 & 6). A search of his residence revealed over $24,000 in cash, a money counter, drug ledgers, a press, and drug packaging materials among other evidence of drug trafficking. At Ms. Scott's home, where the defendant was living, agents found $300,000 in cash, 2 motorcycles belonging to the defendant, and an unsecured firearm and ammunition belonging to Ms. Scott.

    Mubarak, age 47, is a life-long resident of Massachusetts. He has four children who reside with their mothers and with whom he maintains contact. He travels domestically and internationally. Prior to his incarceration on August 6, 2020 he was employed through Local 175 in Methuen, MA for two years, prior to which he worked as a laborer on and off in odd jobs. Despite this lack of lucrative employment, as noted above searches of the defendant's residence and the residence of Ms. Scott with whom he was living at the time of his arrest revealed substantial amounts of cash.

    Mubarak has an extensive criminal history beginning at age 14. He has adult convictions for, *inter alia*, trafficking controlled substances for which he received a 5 year committed sentence (2003), resisting arrest (2003), motor vehicle violations (2002), possession class D (marijuana) (1999), carrying a dangerous weapon (1996), manufacturing a controlled substance (1995), possession with intent to distribute class A (heroin) (1994) and assault and battery on a police officer (1993). His record is replete with defaults. The defendant apparently legally changed his name in 2006-07, so it is unclear whether this criminal record is complete. (See Docket No. 31 at ¶ 4).

    Despite extensive interactions with law enforcement, the defendant has been unable to conform his behavior to the requirements of the law. In light of the defendant's use of firearms and his participation in drug trafficking, the danger to the community is very great if he were to be released. In addition, given the potential lengthy sentence the defendant is facing, and his history of defaults, the risk that the defendant will not appear for trial is also very great.

    For these reasons, the defendant is ordered DETAINED pending trial. His motions for release (Docket Nos. 17-18, 31) are DENIED.

                                                        /s/ Judith Gail Dein
                                                         U.S. Magistrate Judge