# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUJAB MUBARAK<br><br>Defendant | No. 20-CR-10300-ADB |

## GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS COMPLAINT OR FOR SUMMARY DISMISSAL

## BACKGROUND

The United States of America, by and through its counsel of record, the United States Attorney for the District of Massachusetts and Assistant United States Attorney Glenn A. MacKinlay, and Philip Mallard, hereby moves to strike the Defendant Mujab Mubarak's (hereinafter the "Defendant" or "Mubarak") Motion to Dismiss Complaint which asks the Court to dismiss the complaint charging him and to release him from Wyatt Detention Facility. As reasons therefore, the government states that the Defendant failed to comply with Local Rule 7.1 requiring conferring with opposing counsel prior to filing a motion with the Court. The Defendant's motion is completely meritless as the Defendant had already been indicted before the Defendant filed the motion to dismiss the complaint. Moreover, the Speedy Trial Act clock, that the Defendant relied upon as grounds for his baseless motion, was tolled by the Defendant's filing of a motion (docket entry #26, Defendant's Motion For Order To Delay Or Continue The Requirement That He File A Claim In Response To Notice Of Seizure Of Property And

Initiation Of Administrative Forfeiture Proceedings) and also by the Court having the government's motion for detention under advisement. (Docket entry #25).

## ARGUMENT

**1. The Defendant's Motion was Filed in Violation of Local Rule 7.1 and Should be Stricken**

Local Rule 7.1(a)(2) provides: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." And compliance with this rule is not to be taken lightly. "A Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well. And, as noted above, failure to comply with the rule constitutes sufficient grounds for a monetary sanction under the court's inherent power to control its docket. *Martinez v. Hubbard*, 172 F.Supp.3d 378 (D.Mass 2016) *citing Converse, Inc. v. Reebok Int'l*, 328 F.Supp.2d 166, 171 (D.Mass. 2004).

Here, defense counsel failed to comply with this requirement, and instead of conferring with the government, he simply filed his Motion to Dismiss Complaint. (Docket entry #28). Examination of the document reveals that no certification of compliance with Local Rule 7.1 was included. Id. Indeed, no attempt was made by defense counsel to discuss the resolution of the proposed motion, let alone to narrow the issues that he intended to raise in it. For this reason, the motion should be stricken from the record. *See e.g., Martinez v. Hubbard*, 172 F.Supp.3d at 383 (explaining that non-compliance with the rule, "This alone would be reason enough to deny Martinez's motion"); s*ee also United States v. Vaughan,* 875 F.Supp. 36, 46 (D.Mass.1995)

(denying a motion to suppress in part based on counsel's failure to comply with Local Rule 7.1). 2004).

### 2. The Defendant's Motion Should be Denied as Moot

On its face, the Defendant's Motion to Dismiss Complaint should denied as moot. Simply stated, the motion seeks dismissal of the complaint, but the grand jury had already returned an indictment on November 24, 2020, *before the Defendant filed this motion*. (*See* docket entry #28). The procedural history of the case bears this out.

The Defendant was arrested by criminal complaint and had his initial appearance on August 7, 2020. (Docket entry #4). The criminal complaint charged the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute, Controlled Substances; and Possession and Use of a Firearm During and in Relation to a Drug Trafficking Crime. (Docket entry #1). On November 24, 2020, a grand jury returned an Indictment charging the Defendant with the following:

- Conspiracy to Distribute and Possess With Intent To Distribute Heroin, Cocaine Base and Fentanyl, in violation of 21 U.S.C. 841(a)(1)(B), and 846;

- Discharging, Brandishing, Using, and Carrying a Firearm During and In Relation To, and Possession of a Firearm In Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1)(A)(iii);

- Using and Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1)(A)(i);

- Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. 922(g)(1); and

- Felon in Possession of Ammunition, in violation of 18 U.S.C. 922(g)(1).

(Docket entry #28). As such, the Defendant's Motion should be denied as moot.

### 3. The Defendant's Motion Should be Summarily Denied as there was No Speedy Trial Act Violation

Lastly, the Defendant's Motion is meritless insofar as he contends that there was a Speedy Trial Act ("STA") violation.[1] There was no violation as the STA because the STA was not running due to the Defendant's filing of a motion that is still pending, and separately the Court had the government's detention motion under advisement. (*See* docket entries #26, 25).

The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested" and "that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate." *Henderson v. United States*, 476 U.S. 321, 322 (1986); *see* 18 U.S.C. § 3161(c)(1). The sanction for a violation of the STA is drastic: dismissal of the indictment on motion of the defendant. *See United States v. Barnes*, 159 F.3d 4, 9 (1st Cir. 1998); 18 U.S.C. § 3162(a)(2). Consequently, the defendant bears the burden of proof of supporting a motion to dismiss for an alleged violation of the STA. 18 U.S.C. § 3162(a)(2).[2]

Section 3161(h) specifies certain types of delay that are properly omitted from the 30 day time to indict and 70-day trial calculation: "periods of delay *shall be excluded* in computing the time within which . . . an indictment must be filed and . . . the trial ... trial of any such offense must commence." 18 U.S.C. § 3161(h) (emphasis added). The STA makes no distinction

---

[1] In order to avoid further waste of judicial resources, the government requests a summary dismissal of the Defendant's Motion. Should the Court seek additional briefing on any of these issues briefly addressed herein, the government is prepared to provide further legal argument.

[2] The Defendant properly acknowledges in his motion that the parties agreed, and the court allowed, two motions to extend time under the STA that effectively excluded time to the date of November 17, 2020. *See* Defendant's Motion.

regarding the applicability of exclusions under Section 3161(h)(1) to the pre-indictment period and the pretrial period.  *See United States v. Wright*, 990 F.2d 147, 148 (4th Cir. 1993); *see also United States v. Perez*, No. 94-10061-NMG; *United States v. Pete*, 525 F.3d 844, 852 (9th Cir. 2008).  For example:

> "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to ...
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; ..."

The defendant's motion to delay the response to forfeiture motion hasn't even had a hearing yet. (Docket entry #26).  So, on that basis alone, the STA clock is still tolled on actions attributable to the defendant, and indeed does not begin running again until a hearing and decision on that motion.

Next, the STA was tolled by the Court having a motion under advisement following the evidentiary hearing.  Section 3161(h) also specifies:

> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

The defendant had a detention hearing on November 2, 2020 on the government's motion for detention. (*See* docket entry #25).  The Court had that motion under advisement until rendering a decision detaining the Defendant on December 1, 2020. (Docket entry #34).  So, the STA clock was tolled on those grounds as well for a period of up to 30 days, or until December 1, 2020, at a minimum. *See* 18 U.S.C. § 3161(h)(1)(H).  Since the Defendant was indicted *more than a week before*, on November 24, 2020 (docket entry #28), there could be no STA violation.

5

## CONCLUSION

For all of the foregoing reasons, the Defendant's Motion should be stricken or summarily denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   s/ Glenn A. MacKinlay
      Glenn A. MacKinlay
      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                s/ Glenn A. MacKinlay
                                                Glenn A. MacKinlay
                                                Assistant U.S. Attorney

Date: December 8, 2020