UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>MUJAB MUBARAK,<br>   a/k/a "Easy," "E," "the Big Homey"<br><br>     Defendant | Criminal No. 20-CR-10300-ADB |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits this memorandum in support of the Parties joint recommendation of **120 months of incarceration** for the Defendant, followed by four years of supervised release. At the Rule 11 hearing, this Court accepted the Plea Agreement having learned much about the Defendant through pretrial motions and knowing that it was the product of lengthy negotiations. This joint recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing. Though the Court has already accepted the Plea Agreement, the government wishes to memorialize its arguments concerning the propriety of the sentence as considered under the Sentencing Factors of 18 U.S.C. § 3553(a).

**THE ADVISORY SENTENCING GUIDELINES**

The government disagrees with the offense level calculation provided by U.S. Probation, which calculated the offense level in the final Presentence Report to be 33 (PSR ¶¶104-118). With a criminal history score of 3, the Defendant's criminal history category is II (PSR ¶¶145-146). Therefore, the guideline sentencing range ("GSR") calculated by Probation is 151 to 188 months, followed by 60 months for Count Three (PSR ¶187-190). The government objects to the offense level calculation by Probation.

The Plea Agreement entered into by the parties under Fed. R. Crim. P. 11(c)(1)(C) calls for a sentence of 120 months (ECF #143). Under the Plea Agreement, the government took the position that the offense level was 29, which would result in a GSR of 97 to 121 months, followed by sixty months on Count Three. The discrepancy between the Plea Agreement calculation and Probation's calculation is in the attributed drug weight. Compare PSR 109 (finding base offense level 34) with ECF #143, p. 2 (base offense level 30). Therefore, the joint recommendation of 120 months is approximately 37 months below the low-end of the anticipated GSR anticipated under the offense level calculation set forth in the Plea Agreement.

## ARGUMENT

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). Consideration of the § 3553(a) factors demonstrates that this jointly recommended sentence of 120 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A. Nature and Circumstances of the Offenses

As described in the presentence report, the Defendant and other coconspirators, distributed controlled substances. The Defendant was a long-standing distributor of drugs and described his

operation in great detail on video. Insulated from the street, he directed a group of runners and others who dealt on his behalf.  It would through the defection of one such runner, and the shooting of that runner, that the cooperating witness was recruited to sell drugs on behalf of the Defendant's drug trafficking organization ("DTO").

Over the course of the investigation, drugs were purchased from the Defendant's subordinates. Evidence of the trafficking was found in his home years after those buys, suggesting the DTO's business continued. However, the drug seizures and purchases do not reflect the size or scope of the Defendant's operation.

This was an extremely profitable DTO. The Defendant obtained high quality and purity drugs that he provided to subordinates. Those subordinates could adulterate or cut the drugs significantly and still charge a considerable premium due to the purity of the product being provided by the Defendant. As the Defendant claimed, everyone up and down could "eat" due to the purity of the drugs.  For his part, the Defendant acquired assets, vehicles, watches, and luxury goods, and also stockpiled cash over the course of years. A number of these assets are being forfeited as part of this Plea Agreement.

This was also serious organization that armed itself with firearms.  A loaded firearm was recovered from the Defendant's truck. Ammo was recovered in his residence. A firearm was purchased from a subordinate during the investigation. And most significantly, there is sufficient evidence to hold the Defendant accountable at sentencing for shooting a subordinate who had drugs seized from him at the airport.  This violent drug organization and the Defendant's leadership of it merit a significant sentence. A term of 10 years in federal prison is the proper response to the Defendant's crimes.

### B. Criminal History, Specific Deterrence, Punishment

Surprisingly, the Defendant is only category II criminal history. His numerous prior drugs convictions have largely aged out of consideration under the guidelines. Nevertheless, this lack of recent criminal history is consistent with a leadership role removed from the street, where there was little chance to be interdicted by law enforcement. The Defendant describes his role as such in the recordings. His lack of scoreable convictions, but numerous drug priors suggests that the agreed-to sentence of ten years is proportional with his criminal history.

Specific deterrence and punishment are also well-served by a decade in prison. Through this sentence, the Defendant will be deterred from future drug distribution going forward. When released, he will be much older. Should he decide to commit drug crimes in the future, he will face the potential for enhanced penalties based on this federal drug conviction and will likely spend the remainder of his life in prison. He will also be punished by a decade in prison, which itself is a long sentence.

### C. General Deterrence, Promotion of Respect for the Law, and Public Protection

General deterrence and promotion of respect for the law must also be considered. To that end, a sentence of 120 months sends a strong deterrent message of what sort of sentence can be expected for those who deal drugs, and wield firearms, even for those not situated on the street-level or accruing arrests in recent years. In this case, that message is even more clarion in that it will be strongly sent to other would-be offenders who lack a serious criminal record and might think a lesser penalty is in store through the use of subordinates.

More to the point, it is no secret that there was not a large seizure of drugs in this case despite the inferable size and scope of the Defendant's DTO. Nevertheless, there is a strong message of general deterrence sent by a lengthy 120-month sentence based upon the corroborated

drug weight established in the recordings, through the controlled purchases, and extrapolated from cash and asset seizures.

This sentence of ten years will also protect the public from the violent potential of the Defendant. There is a sufficient evidentiary basis to believe that he shot a subordinate and bragged about to a cooperating witness it on video recording.  The public must be protected from such brazen violence and drug trafficking.  This sentence does just that, by removing the Defendant from the community for a decade and justly punish him for these offenses.

## CONCLUSION

Based upon the foregoing, the government requests that the Court impose a sentence of 120 months, followed by four years of supervised release.

        Respectfully submitted,

        JOSHUA S. LEVY,
        Acting United States Attorney

By:   */s/ Philip A. Mallard*
       PHILIP A. MALLARD
       Assistant U.S. Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston MA 02210
       617-748-3674

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Philip A. Mallard*
        PHILIP A. MALLARD
        Assistant U.S. Attorney

Date:   May 27, 2023